S. HEKEMIAN & COMPANY, A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. IDA RIVARA AND ALBERT RIVARA, EXECUTORS OF THE ESTATE OF JOHN RIVARA, DECEASED, AND IDA RIVARA AND ALBERT RIVARA, INDIVIDUALLY, DEFENDANTS-APPELLANTS.

Argued October 5, 1938—Decided December 22, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the defendants-appellants, *Huckin & Huckin* (*Thomas J. Huckin*), and *Hannoch & Lasser* (*Aaron Lasser*).

For the plaintiff-respondent, *Breslin & Breslin* (*John J. Breslin, Jr.*) and *James A. Major*.

BODINE, J. The plaintiff recovered a judgment for commissions for services alleged to have been rendered pursuant to written authority in securing a tenant for certain property in Englewood. The lease was to be for thirty-three years, the tenant to pay a portion of the taxes and insurance and rebuild within two years from the date of the lease the building on the premises. The parties never executed a lease. Disputes relating to the questions as to whether any of the proposed leases were in accordance with the broker's authorization need not, under the circumstances to be noted, be considered. However, the tenant procured by the broker finally refused the leasehold because, he said, two of the six remaindermen were minors. This was a fact.

The tenant offered by the broker was the Northlone Realty Corporation, a New York corporation, the stock in which was owned by J. A. D'Onofrio, who had twenty or thirty such

corporations and advanced to them money as he was able. The corporation had no assets of its own and D'Onofrio, by his own admissions, had but slender resources obviously insufficient for one engaged in a number of real estate operations.

The broker had throughout the negotiations represented to the defendants, one of whom was a widow of little business experience, that there could be no trouble arising from the lease because the Northlone Realty Company was a million dollar corporation. The defendant Ida Rivara signed the agreement for commissions, as executrix of her husband's estate, which put the broker on notice that she was acting under a will and her ability to contract must be limited by the terms thereof. There is absolutely nothing in the case the basis for charging the defendants with any misrepresentation as to their status or their ability to negotiate the lease. We are, therefore, brought to the question of performance by the broker as a matter of law.

"The general rule is that the right of the broker to commissions is complete, when he has procured a purchaser able and willing to conclude a bargain on the terms on which the broker was authorized to sell. When such a purchaser is produced, the principal cannot defeat the agent's right to compensation by a refusal, without sufficient reason to fulfill the agreement which the agent had power to make." *Hinds* v. *Henry,* 36 *N. J. L.* 332.

This principle having universal approval (9 *C. J.* 595) was specifically approved in *Ryer* v. *Turkel,* 75 *N. J. L.* 677. Of course, if the principal has accepted the customer and entered into a contract with him he cannot thereafter question the performance by his agent. *Dotson* v. *Milliken,* 209 *U. S.* 237. It cannot be thought that the full force and effect of the language in *Hinds* v. *Henry, supra,* was weakened by *Freeman* v. *Van Wagenen,* 90 *N. J. L.* 358, since the Court of Errors and Appeals in *Fiedler Corp.* v. *Manufacturers' Co.,* 108 *Id.* 364, approved a request to charge as follows: "A broker is entitled to commissions, when he has procured a tenant able and willing to enter into a lease on terms on which the broker was authorized to act."

Since the broker in order to recover was obliged to show that he had produced a lessee able, as well as willing, to lease the premises before his authority was revoked it is necessary to consider whether the motion for the nonsuit or a directed verdict should have been granted. We think the latter should have been granted. The Northlone Realty Company, as before indicated, was a mere shell. It was sponsored by no substantial interest. It could have entered into a lease of the premises, collected the rents, wasted the property and the landlord would have had no redress save by ejectment. It obviously could not replace the building with a new structure and could not meet the rent reserved save by voluntary advances from one of its officers.

Since the judgment must be reversed, it is not necessary to consider the other matters raised in appellants' brief.

The judgment is reversed.